IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KUCINSKY, | |
| Plaintiff, | |
| v. | Case No. 23-cv-342-RJD |
| IDOC, ROB JEFFREYS, DEANN BROOKHART, CHAD JENNINGS, and JEREMIAH BROWN, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Charles Kucinsky, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Joliet Treatment Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Kucinsky alleges Eighth Amendment violations based on his conditions of confinement and medical care. He also alleges Fourteenth Amendment due process claims and religious claims pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Kucinsky makes the following allegations: Kucinsky complains about the conditions of confinement in numerous cells he was housed in while at Lawrence Correctional Center. From February 2020 to September 2020, he was confined to his cell 24/7 (Doc. 1, p. 7). The cell measured only 50 square feet and was infested with bugs and mice, which Kucinsky often found in his bed and property. He received no out of cell time for six months, despite other prisoners being allowed out of their cells. Kucinsky alleges that Defendants Jeffreys, Brookhart, Jennings, and Brown were aware of the conditions Kucinsky faced because they personally toured his cellhouse yet did nothing to release him from the cell (*Id*. at pp. 7-8). Kucinsky further alleges that he specifically spoke to Brookhart and Jennings about his confinement, but they informed Kucinsky he would just have "to tough it out" (*Id*. at p. 8). As a result of his confinement, Kucinsky suffered physical pain and extreme depression and anxiety (*Id*.).

From September 2020 until December 2021, Kucinsky was placed on restrictive housing, although he had never been investigated and charged with any violation (*Id*. at p. 9). Kucinsky alleges that he was placed in restrictive housing without due process. He lacked access to any mental health services during this time and his mental illness was exacerbated by the conditions in restrictive housing (*Id*.). He was again confined to his cell 24/7 (*Id*.). The cell lacked heat. Although he requested extra blankets from Brookhart and Jennings, he never received any blankets to combat the freezing temperatures (*Id*. at

2

p. 10). He alleges that Brookhart, Jennings, Jeffreys, and Brown placed him in restrictive housing and were personally aware of his conditions and declining mental health but did nothing. As a result of the conditions Kucinsky faced, he made a suicide plan and was subsequently placed on suicide watch in September 2021 (*Id*.).

In December 2021, Kucinsky was moved to general population, but still faced extreme isolation in general population (*Id*. at p. 11). His cell was less than 50 square feet and was infested with bugs and mice (*Id*.). Kucinsky alleges that Brookhart, Jennings, and Brown witnessed the vermin and insects in the cellhouse but did nothing. Kucinsky lacked access to cleaning supplies. His cell also lacked heat during the winter of 2021-2022 (*Id*.). Despite requests to Brookhart, Jennings, and Brown for additional blankets, none were provided (*Id*.). He was also denied appropriate winter clothing (*Id*.). He was housed in the cell for approximately 22 hours a day. He had no access to school, rehabilitative services, or other programming, and lacked meaningful opportunities for social interactions (*Id*. at p. 12). Kucinsky described his experience in general population as being "locked in a coffin" (*Id*.). The conditions exasperated his mental health and led to racing, suicidal thoughts (*Id*.). Kucinsky alleges that Jeffreys, Brookhart, Jennings, and Brown were aware of the extreme conditions in general population due to multiple studies conducted by the Illinois Department of Corrections (*Id*. at p. 13). Kucinsky also personally spoke to Brookhart, Jennings, and Brown about his conditions (*Id*. at p. 14). Despite his worsening mental health conditions, Defendants failed to provide him access to mental health services or treatment (*Id*. at pp. 19-20).

Kucinsky further alleges that Jeffreys, Brookhart, Jennings, and Brown have a policy and practice of subjecting Kucinsky to an unhealthy diet (*Id*. at p. 16). The diet at Lawrence placed Kucinsky at risk for obesity, diabetes, high blood pressure, and other medical issues (*Id*.). Kucinsky alleges the diet is highly processed, extremely salty, and lacking in fruits and vegetables (*Id*.). The food is often served undercooked or raw, causing stomach aches (*Id*.). He informed Brookhart, Jennings, and Brown on a number of occasions that he suffered from vomiting due to the raw food, but they failed to address his complaints (*Id*.).

Kucinsky also alleges that he has been denied the ability to practice his Catholic beliefs by Jeffreys, Brookhart, Jennings, and Brown from 2022 until the present. He is not allowed to attend Catholic services or participate in the Eucharist (*Id*. at p. 17). He is unable to practice the tenets of his faith. Although Kucinsky requested meatless trays on Fridays during Lent, Brookhart, Jennings, and Brown informed him that the prison did not honor Lent (*Id*. at p. 17). They also denied his request to participate in the Eucharist, informing him that the religion was fake (*Id*. at p. 18).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment deliberate indifference to conditions of confinement claim against Jeffreys, Brookhart, Jennings and Brown for housing Kucinsky in an isolated cell from February to September 2020.
>
> **Count 2:** Eighth Amendment deliberate indifference to conditions of confinement claim against Jeffreys, Brookhart, Jennings,

|          | |
|---------:|---|
|          | and Brown for housing Kucinsky in restrictive housing with no out of cell time from September 2020 until December 2021. |
| Count 3: | Fourteenth Amendment due process claim against Jeffreys, Brookhart, Jennings, and Brown for placing Kucinsky in restrictive housing without any due process. |
| Count 4: | Eighth Amendment deliberate indifference to medical condition claim against Jeffreys, Brookhart, Jennings, and Brown for declining to address Kucinsky's worsening mental health. |
| Count 5: | Eighth Amendment deliberate indifference to conditions of confinement claim against Jeffreys, Brookhart, Jennings, and Brown for housing Kucinsky in extreme isolation, unsanitary conditions, and lack of heat while in general population. |
| Count 6: | Eighth Amendment deliberate indifference claim against Jeffreys, Brookhart, Jennings, and Brown for serving inedible food. |
| Count 7: | Eighth Amendment deliberate indifference claim against Jeffreys, Brookhart, Jennings, and Brown for the policy and practice of serving an unhealthy diet and inedible food. |
| Count 8: | First Amendment claim against Jeffreys, Brookhart, Jennings, and Brown for denying Kucinsky the ability to practice the tenents of his Catholic faith. |
| Count 9: | RLUIPA claim against Jeffreys, Brookhart, Jennings, and Brown for denying Kucinsky the ability to practice the tenents of his Catholic faith. |
| Count 10: | Eighth Amendment deliberate indifference to mental health claim against Jeffreys, Brookhart, Jennings, and Brown for a policy and practice of failing to offer mental health services to prisoners with history of mental illness. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1] This includes any claims against the Illinois Department of Corrections because it is a state government agency and is not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

**Conditions Claims**

At this stage, Kucinsky states viable claims in Counts 1, 2, and 5 for the conditions he experienced in restrictive housing and general population. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Kucinsky alleges that he was kept in extreme isolation. In all of the cells he was held in, the cells were infested with vermin and insects, and lacked heat. He further alleges that Jeffreys, Brookhart, Jennings, and Brown knew about the conditions because they specifically toured the housing units. Kucinsky also spoke to Brookhart and Jennings about the conditions and they told him to "tough it out". Thus, Kucinsky's claims against the Defendants in Counts 1, 2, and 5 may proceed.

**Medical Claims**

Similarly, Kucinsky states a viable claim against the defendants in Count 4 for deliberate indifference to his mental health needs. *Sanville v. McCaughtry*, 266 F.3d 724,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

734 (7th Cir. 2001) (The need for mental health care is a serious medical need.); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (Delay in treatment can amount to deliberate indifference if it "exacerbated the injury or unnecessarily prolonged an inmate's pain.").

In Count 10, Kucinsky alleges that there is a policy and practice of denying inmates mental health services and seeks injunctive relief in the form of access to effective mental health treatment. A plaintiff may seek injunctive relief from a defendant in his official capacity if his constitutional rights were violated pursuant to a policy or practice. *Monroe v. Rauner*, Case No. 18-cv-156-DRH, 2018 WL 6259248, at * 3 (S.D. Ill. Nov. 30, 2018) (citing *Ex Parte Young*, 209 U.S. 123, 157 (1908)). "The proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out." *Johnson v. Randle*, Case No. 10-cv-0135-MJR-SCW, 2021 WL 1964996, at *11 (S.D. Ill. May 31, 2012) (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011)). Thus, Count 10 shall proceed against Rob Jeffreys, in his official capacity only. All other defendants in Count 10 are **DISMISSED without prejudice**.

**Due Process Claim**

Kucinsky, however, fails to state a claim in Count 3 for alleged due process violations. He alleges only in conclusory fashion that his stay in restrictive housing was without any penological justification and that he was denied due process. But he fails to allege any facts about the cause for his placement in restrictive housing, Defendants' role in that placement, and what process Kucinsky was due prior to his placement. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (Due process safeguards that are associated with

7

prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed.). He merely states in conclusory fashion that Defendants kept him in restrictive housing and "turned a blind eye" to his suffering. This is not enough to state a claim. Thus, Count 3 is **DISMISSED without prejudice**.

**Diet Claims**

Kucinsky also states a viable claim against Defendants in Count 6 for the inedible food served at Lawrence. *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004) (right to adequate food but not tasty or appetizing food).

Kucinsky also alleges that there was a policy and practice of serving unhealthy and inedible food and seeks injunctive relief. Thus, Count 7 shall proceed against Rob Jeffreys, in his official capacity only. All other defendants in Count 7 are **DISMISSED without prejudice**.

**Religious Claims**

"[A] prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). In order to state a claim under the First Amendment, a plaintiff must set forth facts demonstrating that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). At this stage,

Kucinsky states a viable claim in Count 8 against Brookhart, Jennings, and Brown. He alleges that he personally talked to them about his ability to participate in the Eucharist, Catholic services, and Lent and they denied his request to participate. But there are no allegations in the Complaint to suggest that Jeffreys personally burdened the practice of Kucinisky's religion and he could not be held liable simply as the director of IDOC because the doctrine of *respondeat superior* does not apply to Section 1983 claims. *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001). Accordingly, Count 8 is **DISMISSED** as to Jeffreys but can proceed against Brookhart, Jennings, and Brown.

Kucinsky also states a viable claim under RLUIPA in Count 9. RLUIPA prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C.A. § 2000cc-1; *Schlemm v. Wall*, 784 F.3d 362, 363-64 (7th Cir. 2015).

The relief available under RLUIPA is injunctive; it does not authorize monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 287 (2011); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Nor does RLUIPA permit a cause of action against state employees; it permits relief only against "governmental bodies that receive funds and accept the conditions attached by the statute." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Consequently, Rob Jeffreys, in his official capacity as the director of IDOC, is the proper defendant for any injunctive relief Kucinsky may be seeking. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the

government official responsible for ensuring any injunctive relief is carried out). Thus, Count 9 shall proceed against Jeffreys in his official capacity only. All other Defendants are **DISMISSED without prejudice**.

### Pending Motions

As to Kucinsky's motion for counsel (Doc. 3), he alleges that he suffers from a mental illness and a learning disability. Kucinsky states that he made efforts to obtain counsel but that some of the attorneys have not responded to his letters or refused his request. But Kucinsky fails to indicate when he sent those letters, what attorneys he contacted, and whether or not it was specifically for this case. Thus, the Court finds that Kucinsky has failed to demonstrate that he made attempts to obtain counsel on his own. His motion for counsel (Doc. 3) is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Kucinsky to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Kucinsky should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

### Disposition

For the reasons stated above, Counts 1, 2, 4, 5, and 6 shall proceed against Rob Jeffreys, Deann Brookhart, Chad Jennings, and Jeremiah Brown. Count 8 shall proceed against Deann Brookhart, Chad Jennings, and Jeremiah Brown. Counts 7, 9, and 10 shall

proceed against Rob Jeffreys, in his official capacity only. Count 3 and IDOC are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Rob Jeffreys (individual and official capacity), Deann Brookhart, Chad Jennings, and Jeremiah Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/14/2023**

*/s/ Reona J. Daly*
REONA J. DALY
U.S. Magistrate Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**