IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KUCINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-342-RJD |
| ) | |
| ) | |
| IDOC et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Certify Class (Doc. 27), Motion to Appoint Counsel (Doc. 28), Supplemental Motion for Class Action Certification and Appointment of Class Counsel (Doc. 30), and Motion to Strike (Doc. 32). For the reasons set forth below, Plaintiff's motions are **DENIED**.

**Motion to Certify Class (Doc. 27)**

Plaintiff seeks to certify this matter as a class action on the notion that the relief he seeks and the problems he describes are common to all people currently incarcerated in the IDOC. (Doc. 27). Plaintiff alleges the class members live in double man cells even though the cells were designed to house only one person and offer less than 50 square feet of open floor space; these cells are vermin and pest infested; the class members are general population prisons who have not violated any prison rules; the cells offer inadequate ventilation and inadequate heating during winter; the class members are confined to these cells 20 to 24 hours a day; the class members have

little to no access to out of cell recreation; the class members have little to no access to school or job assignments; the class members have no access to cleaning supplies; the class members are subjected to racial slurs/epithets and aggressive abuse staff; the class members are subject to extreme idleness (sic); the class members are subject to a cellmate housing classification system that houses people together who are not compatible resulting in injury and extreme tension; the class members are subject to extreme isolation, the class members are subject to a counter rehabilitative environment. (*Id.*).

To be certified as a class, Plaintiff must first satisfy the four elements in Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012). Then, the case must fall under one of the conditions specified in Rule 23(b). *See* FED. R. CIV. P. 23(a), (b); *Lacy v. Cook Cnty.*, 897 F.3d 847, 864 (7th Cir. 2018). It is well established that a district court does not abuse its discretion when it denies a motion for class certification on the ground that a pro se litigant is not an adequate class representative. *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) *(citing DeBrew v. Atwood,* 792 F.3d 118, 131–32 (D.C.Cir.2015); *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975). Here, Plaintiff cannot satisfy the element of adequacy of representation because, as a non-lawyer, he cannot represent the other potential members of the class. Therefore, the Motion to Certify Class (Doc. 27) is **DENIED**.

**Motion to Appoint Counsel (Doc. 28)**

The plaintiff has moved for the appointment of class counsel as well as the appointment of interim class counsel under Federal Rule of Civil Procedure 23(g)(1) and (3), respectively. (Doc.

28). Rule 23(g)(1) "is only implicated when a class is first certified under Rule 23(a)(4)." *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015). "Under Rule 23(g)(3), [t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action" where there are "overlapping, duplicative, or competing class suits . . . pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020) (citation and internal quotation marks omitted) (alteration in the original). The considerations guiding the appointment of interim class counsel or class counsel after certification are the following: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* Rule 23(g) does not purport "to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification . . . [but] to ensure that the *proposed* class counsel is adequate." *Howard*, 814 F.3d at 478 (emphasis in the original). Because the Court finds that Plaintiff, as a pro se litigant and non-lawyer, is not an adequate class representative and because the requirements for appointment of class counsel under Rule 23(g)(1) and (3) are not satisfied in this case, Plaintiff's motion for appointment of class counsel is **DENIED**.

Even reviewing Plaintiff's motion as a motion for recruitment of counsel, independently of Rule 23(g), Plaintiff's motion is still denied. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a

reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff previously filed a motion for recruitment of counsel, which the Court denied on the basis that Plaintiff had failed to show independent attempts to recruit counsel. (Doc. 16 at 10). Plaintiff was instructed to contact at least three attorneys regarding representation *in this case* prior to filing another motion. (*Id.*). In this motion, Plaintiff states that he contacted two attorneys who either did not respond to him or denied him representation. (Doc. 28 at 1, Doc. 27-2 at 58-59). In light of the specific instruction that Plaintiff contact at least three attorneys regarding representation before attempting to file a renewed motion to appoint counsel, the Court finds that Plaintiff has failed to show independent attempts to recruit counsel.

The Court further finds that Plaintiff is competent to litigate this case at this early stage. Plaintiff states in his motion that he has a history of severe mental illness and that he was relocated to an in-patient mental health facility within the IDOC. He further suggests that he has a state case pending before Sangamon County Circuit Court, in which he was appointed counsel. (Doc. 28 at 1, 27-2 at 61). First, the Court notes that appointment of counsel in Plaintiff's state case does not bind this Court's determination on this pending motion. Plaintiff proceeds with three Eighth Amendment conditions of confinement claims, one Eighth Amendment claim of deliberate indifference to medical condition, and one Eighth Amendment claim for inedible food. At this early stage, litigation will be straightforward, involving the exchange of basic information. Plaintiff has filed a complaint that survived threshold review, and his filings demonstrate his ability to construct coherent sentences and effectively communicate with the Court. It appears that at this

early stage Plaintiff's mental illness does not impede his ability to litigate this case. Based on the early status of this litigation and the fact that Plaintiff has not made sufficient attempts to retain counsel on his own, Plaintiff's Motion to Appoint Counsel (Doc. 28) is **DENIED** without prejudice. Should he choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

**Supplemental Motion for Class Action Certification and Appointment of Class Counsel (Doc. 30).**

Plaintiff filed a supplemental motion in support of his motions for class action certification and appointment of counsel in which he attaches the following documents: a previous order from this district court granting permanent injunctive relief in favor of an inmate complaining about the conditions of confinement at Menard Correctional Center, several reports by the "John Howard Association of Illinois" discussing the conditions of confinement within the IDOC facilities in general (Doc. 30 at 33-42, 45), and a document which appears to be electronic correspondence between IDOC officers that was filed as an exhibit to an unrelated case pending before this district court. (Doc. 30 at 43). While all these documents may pertain to the merits of Plaintiff's condition of confinement claims, they are not relevant to the Court's determination as to whether Plaintiff, a non-lawyer, is an adequate representative of the putative class. For the reasons set forth regarding

Plaintiff's Motion to Certify Class (Doc. 27), Plaintiff's Supplemental Motion for Class Action Certification and Appointment of Class Counsel (Doc. 30) is **DENIED**.

**Motion to Strike (Doc. 32)**

Plaintiff filed a motion seeking to strike Defendants' Response to Plaintiff's Motion to Appoint Class Counsel and Supplemental Motion for Class Action Certification (Doc. 31) as being untimely. Plaintiff's motion at issue was filed on March 22, 2024, and Defendants filed their Response, fourteen (14) days later, on April 5, 2024. Under Local Rules 7.1(b)(2) (A), a party's response in opposition to a motion is due 14 days after service of the motion (with the exception of certain motions set forth in a prior paragraph for which the respective deadline is 30 days). Here, Defendants' Response was filed within the 14-day timeframe. Accordingly, Plaintiff's Motion to Strike (Doc. 32**)** is **DENIED**.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Certify Class (Doc. 27), Motion to Appoint Counsel (Doc. 28), Supplemental Motion for Class Action Certification and Appointment of Class Counsel (Doc. 30), and Motion to Strike (Doc. 32) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 7, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**