## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES KUCINSKY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-cv-342-RJD |
| ) | |
| ) | |
| **IDOC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the parties' various motions. For the reasons set forth below, Plaintiff's Motion for Recruitment of Counsel and Notice of Change of Address and Motion to Supplement Complaint (Doc. 37) and Supplemental Motion for Recruitment of Counsel (Doc. 70) are **GRANTED**. Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 66) and Defendant's Motion for Extension of Time to File Dispositive Motions (Doc. 75) are **GRANTED in part**. Plaintiff's MOTION to Supplement Complaint (Doc. 38), Motion for Leave to File Supplemental Relief and Claims (Doc. 41), Motion for Copies and Notice of Change of Address (Doc. 49), Second Motion to Certify Class (Doc. 54), Second Motion to Appoint Counsel (Doc. 55), Motion to Strike [51] Complaint (Doc. 56), Motion to Withdraw 3rd Amended Complaint (Doc. 60), Motion for Leave to File Fourth Amended Supplemental Complaint (Doc. 65), Supplemental Motion for Leave to File 4th Amended Supplemental Complaint (Doc. 69), and Motion to Compel (Doc. 71) are **DENIED without prejudice**.

**Plaintiff's Motion for Recruitment of Counsel and Notice of Change of Address and Motion to Supplement Complaint (Doc. 37) and Supplemental Motion for Recruitment of Counsel (Doc. 70).**

Plaintiff filed his fourth motion seeking the recruitment of counsel as well as a supplement to it. (Docs. 37 and 70). There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself[.]." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Here, Plaintiff attached to his previously denied motion three letters from attorneys denying him representation. Doc. 35. Accordingly, the Court finds that Plaintiff has demonstrated reasonable attempts to obtain counsel on his own. Turning to the second prong of the test, Plaintiff states that he has severe underlying mental health diagnoses, including ADHD and depressive disorder, which impede his ability to prosecute this case as a pro se litigant. He attached to his motion mental health evaluations from several health care providers spanning from 1999 through 2018. Doc. 37 pp. 6-22. Further, Plaintiff was recently transferred to a residential treatment unit due to the severity of his mental illness. Doc. 70, p. 1. His transfer to a different facility other than the one where his claims arose further inhibits his ability to conduct discovery in this case. *Id.* Additionally, Plaintiff has faced challenges with discovery in this case, as shown in his Motion to Compel (Doc. 71), as well as in his attempts to amend the complaint (Docs. 38, 41, 54, 56, 60, 65, 69). Plaintiff's ability to prosecute this case on his own was recently further constrained because the inmate who was assisting him in preparing his briefs and conducting discovery was

transferred to a new facility. Doc. 70, p. 1. It appears that the complexity of this case exceeds Plaintiff's ability to litigate it on his own at this juncture. Plaintiff proceeds with three Eighth Amendment conditions of confinement claims, one Eighth Amendment claim of deliberate indifference to a medical condition, an Eighth Amendment claim for inedible food against various Defendants, and an RLUIPA claim, as well as a First Amendment claim for being denied the ability to practice the tenets of his Catholic faith, all against various Defendants. Doc. 16. The number and variety of claims Plaintiff raises, as well as the number of defendants, add another level of challenge to Plaintiff's case. Also, Plaintiff may need to obtain expert testimony for his deliberate indifference claim.

Based on the foregoing, the Court finds it necessary to recruit an attorney to represent Plaintiff in this matter. Plaintiff's Motion for Recruitment of Counsel and Notice of Change of Address and Motion to Supplement Complaint (Doc. 37) and Supplemental Motion for Recruitment of Counsel (Doc. 70) are **GRANTED**. **IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), **Amanda Witt of the law firm of Morgan Lewis & Bockius LLP**, is **ASSIGNED** to represent Plaintiff Charles Kucinsky in this civil rights case. On or before **September 25, 2025**, assigned counsel shall enter her appearance in this case. Attorney Witt is free to share responsibilities with an attorney in her firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Witt. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[1] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if, after the assignment, counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be

---

[1] District Court Plans | Southern District of Illinois | United States District Court

reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys, which is available as a resource. To access the guide, click on the "Attorney Information" tab at the top of the Court's website and select the "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."

As of this date, Plaintiff's contact information is:

Charles Kucinsky
M20131
DIXON CORRECTIONAL CENTER
2600 North Brinton Ave
Dixon, IL 61021

**Remaining Pending Motions**

In light of the recruitment of counsel, Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 66) as well as Defendant's Motion for Extension of Time to File Dispositive Motions (Doc. 75) are **GRANTED in part.** The trial and pre-trial conference dates, as well as the discovery and dispositive motion deadlines, are **VACATED** and will be reset once Attorney Witt enters her appearance.

For the same reason, Plaintiff's remaining pending motions (Docs. 38, 41, 49, 54, 55, 56, 60, 65, 69, and 71) are **DENIED without prejudice**. LR-SDIL 83.9(c) ("Upon assignment of counsel, all pending motions filed by the party *pro se* shall be denied without prejudice so that assigned counsel can evaluate how to proceed, unless otherwise ordered by the Court.").

**Conclusion**

For the reasons set forth above, Plaintiff's Motion for Recruitment of Counsel and Notice of Change of Address and Motion to Supplement Complaint (Doc. 37) and Supplemental Motion for Recruitment of Counsel (Doc. 70) are **GRANTED**.  Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 66) and Defendant's Motion for Extension of Time to File Dispositive Motions (Doc. 75) are **GRANTED in part**.  The following motions are **DENIED without prejudice**: Plaintiff's MOTION to Supplement Complaint (Doc. 38), Motion for Leave to File Supplemental Relief and Claims (Doc. 41), Motion for Copies and Notice of Change of Address (Doc. 49), Second Motion to Certify Class (Doc. 54), Second Motion to Appoint Counsel (Doc. 55), Motion to Strike [51] Complaint (Doc. 56), Motion to Withdraw 3rd Amended Complaint (Doc. 60), Motion for Leave to File Fourth Amended Supplemental Complaint (Doc. 65), Supplemental Motion for Leave to File 4th Amended Supplemental Complaint (Doc. 69), and Motion to Compel (Doc. 71).

Attorney Witt to enter her appearance by **September 25, 2025.**  The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Witt.  The trial and pre-trial conference dates, as well as the discovery and dispositive motion deadlines, are **VACATED** and will be reset once Attorney Witt enters her appearance.

**IT IS SO ORDERED.**

**DATED: September 11, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**